# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| MATTHEW LOUIS COLLINS, | § | |
| Reg. No. 75454-065, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | EP-17-CV-149-KC |
| | § | |
| SCOTT WILLIS, | § | |
|     Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Matthew Louis Collins seeks relief from his sentence through a *pro se* "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. Section 2241 Under 2255(e) Savings Clause" (ECF No. 1). Collins, a federal prisoner at the La Tuna Federal Correctional Institution in Anthony, Texas,[1] asserts sentencing "enhancements were utilized that have since been declared unconstitutional."[2] He argues he is, therefore, "actually innocent."[3] After reviewing the record and for reasons discussed below, the Court will *sua sponte* dismiss Collins's petition, pursuant to 28 U.S.C. § 2243.[4]

## BACKGROUND AND PROCEDURAL HISTORY

According to court records in case number 6:13-CR-344-MC-1 in the United States District Court

---

[1] Anthony is located in El Paso County, Texas, which is within the territorial confines of the Western District of Texas. 28 U.S.C. § 124(d)(3) (2012).

[2] Pet'r's Pet 1, May 12, 2017, ECF No. 1.

[3] Id. at 2-3.

[4] 28 U.S.C. § 2243 (2012) ("A court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.").

for the District of Oregon,[5] on August 1, 2013, Collins entered a guilty plea to an information charging him with one count of possession with intent to distribute methamphetamine. At his sentencing, the prosecutor reported Collins had a long history of criminal conduct:

> He has been a Central Oregon drug dealer for quite some time, and to put it simply, he's been running amuck out there. Since his twenties he has been convicted of dealing in coke; dealing in meth. He has been arrested with firearms. He has been involved in multiple burglaries, one of which resulted in someone being beat in the side of the head with a crowbar.[6]

As a result of this criminal history, the probation officer who prepared Collins's presentence investigation report recommended, among other things, that a prior Oregon burglary conviction would qualify as a "crime of violence" under the career offender definitions in Sentencing Guidelines §§ 4B1.1 and 4B1.2. The probation officer also noted that each of Collins's two prior Oregon drug convictions would qualify as a "controlled substance offense" under the same career offender definitions. The career offender enhancement increased Collins's offense level to 34. After reducing the total offense level for his acceptance of responsibility and taking into account a criminal history category VI, Collins faced a Sentencing Guideline range of 188-235 months' imprisonment. The parties mutually recommended a downward variance to a 140-month sentence. The Court accepted the recommendation and sentenced Collins to 140 months' imprisonment. Collins did not appeal.

On November 12, 2014, Collins filed a motion under 28 U.S.C. § 2255 alleging various grounds for relief. The Oregon District Court denied this motion on all but one ground. The Court left open Collins's arguments for a sentence reduction under Amendment 782 to the Sentencing Guidelines, and

---

[5] *See* Def.'s Am. Mot. to Vacate, June 3, 2016, ECF No. 41, United States v. Collins, 6:13-CR-344-MC-1 (D. Or.).

[6] Sentencing Tr. 5, Dec. 29, 2014, ECF No. 32, United States v. Collins, 6:13-CR-344-MC-1 (D. Or.).

appointed the Federal Public Defender to address that claim.[7]  The Supreme Court decided <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), twenty-three days later.

In <u>Johnson</u> the Supreme Court declared that the residual clause of the Armed Career Criminal Act, which defined a "violent felony" as an offense "otherwise involv[ing] conduct that presents a serious potential risk of physical injury to another,"[8] was "unconstitutionally vague" because the "indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges."[9]  Although the Supreme Court had sought through prior cases to "develop the boundaries of the residual clause in a more precise fashion," "federal courts remained mired in 'pervasive disagreement' over how the clause should be interpreted."[10]  Thus, the Court held that the residual clause was "vague in all its applications" and stated that "[i]ncreasing a defendant's sentence under the clause denies due process of law."[11]

On June 3, 2016, Collins filed a motion to reopen his § 2255 proceedings and permit him to file an amended motion based on the Supreme Court's holding in <u>Johnson</u>.[12]  Collins claimed in his amended motion that under <u>Johnson</u>, his prior conviction for burglary was not a "crime of violence" under the Sentencing Guidelines.  The United States moved to stay the proceedings until the courts could determine

---

[7] <u>United States v. Zavala-Garcia</u>, 671 F. App'x 242 (5th Cir. 2016) ("Amendment 782 effectively lowered most drug-related base offense levels by two.").

[8] <u>See</u> 18 U.S.C. § 924(e)(2)(B)(ii) (2012).

[9] <u>Johnson</u>, 135 S. Ct. at 2557.

[10] <u>Welch v. United States</u>, 136 S. Ct. 1257, 1261 (2016).

[11] <u>Johnson</u>, 135 S. Ct. at 2557, 2561.

[12] <i>See</i> Def.'s Am. Mot to Vacate, June 3, 2016, ECF No. 41, <u>United States v. Collins</u>, 6:13-CR-344-MC-1 (D. Or.).

whether Johnson applied retroactively to Sentencing Guidelines sentences.[13]  The district court granted the motion for a stay.[14]  The Supreme Court subsequently held in Beckles v. United States, 137 S. Ct. 886 (2017), "that the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause."[15]  The Government accordingly filed a motion to dismiss Collins's § 2255 motion, which is still pending before the Oregon District Court.[16]

In his instant petition, Collins claims the Oregon District Court enhanced his sentence based on his prior state-court convictions in Oregon for manufacturing a controlled substance and possessing a controlled substance with the intent to distribute.[17]  He notes the Ninth Circuit Court of Appeals recently "found delivery of a controlled substance under Oregon Revised Statutes 475.992(1)(a) is not a 'controlled substances offense'" for the purposes of the Sentencing Guidelines which merits a sentencing enhancement.[18]  Moreover, he argues the Supreme Court's "decision in Mathis[19] plainly and categorically leads to the conclusion that the definition of 'delivery of a controlled substance' in Oregon

---

[13] See Gov't's Resp. and Mot for Stay, June 10, 2016, ECF No. 43, United States v. Collins, 6:13-CR-344-MC-1 (D. Or.).

[14] See Order, June 14, 2016, ECF No. 44, United States v. Collins, 6:13-CR-344-MC-1 (D. Or.).

[15] Beckles, 137 S. Ct. at 290.

[16] See Mot. to Dismiss, Apr. 10, 2017, ECF No. 52, United States v. Collins, 6:13-CR-344-MC-1 (D. Or.).

[17] Pet'r's Pet 1, May 12, 2017, ECF No. 1.

[18] Id., at 3 (citing Sandoval v. Yates, 847 F.3d 697, 705 (9th Cir. 2017) ("To summarize, § 475.992(1)(a) is overbroad in its definition of 'delivery,' and the modified categorical approach may not be applied because § 475.992(1)(a) is indivisible with respect to whether an 'attempt' is accomplished by solicitation. Therefore, we hold a conviction for delivering heroin under § 475.992(1)(a) is not an aggravated felony.")).

[19] See Mathis v. United States, 136 S. Ct. 2243, 2257 (2016) ("Because the elements of Iowa's burglary law are broader than those of generic burglary, Mathis's convictions under that law cannot give rise to an [Armed Career Criminal Act] sentence.").

Revised Statute 475.992(1)(a) is not a 'controlled substance offense'" for the purposes of the career offender Sentencing Guidelines, as the elements of the Oregon offense are broader than those of the generic offense.[20] Collins argues he is actually innocent, and the Court should vacate or set aside his sentence.

## APPLICALBE LAW

"A section 2241 petition for habeas corpus on behalf of a sentenced prisoner attacks the manner in which his sentence is carried out or the prison authorities' determination of its duration."[21] To prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States."[22] A § 2241 petitioner may make this attack only in the district court with jurisdiction over his custodian.[23]

By contrast, a motion to vacate or correct a sentence pursuant to 28 U.S.C. § 2255 "'provides the primary means of collateral attack on a federal sentence.'"[24] Thus, relief under § 2255 is warranted for errors that occurred at trial or sentencing.[25] A § 2255 petitioner may only bring his motion in the district

---

[20] Pet'r's Pet. 3.

[21] Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted).

[22] 28 U.S.C. § 2241(c) (2012).

[23] United States v. Cleto, 956 F.2d 83, 84 (5th Cir. 1992).

[24] Pack, 218 F.3d at 451 (quoting Cox v. Warden, 911 F.2d 1111, 1113 (5th Cir. 1990)).

[25] See Cox, 911 F.2d at 1114 (5th Cir. 1990) ("The district court's dismissal of these grounds clearly was proper because they concerned alleged errors that occurred at sentencing and, therefore, may be remedied under section 2255."); Ojo v. INS, 106 F.3d 680, 683 (5th Cir. 1997) ("Because all of the errors Ojo alleges [occurred before or during sentencing], they must be addressed in a § 2255 petition, and the only court with jurisdiction to hear that is the court that sentenced him."); Solsona v. Warden, F.C.I., 821 F.2d 1129, 1131 (5th Cir. 1987) (explaining that, because defendant's claims attacked the constitutionality of his conviction and proof of his claims would undermine the validity of his conviction, his exclusive initial remedy was a motion under § 2255).

of conviction and sentence.[26]

Section 2255 does contain a "savings clause" which acts as a limited exception to these general rules. It provides that a court may entertain a petition for writ of habeas corpus challenging a federal criminal conviction if it concludes that filing a motion to vacate, set aside or correct sentence pursuant to § 2255 is inadequate to challenge a prisoner's detention.[27] Furthermore, a petitioner must satisfy a two-prong test before he may invoke the "savings clause" to address errors occurring at trial or sentencing in a petition filed pursuant to § 2241:

> [T]he savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.[28]

A petitioner must prove both prongs to successfully invoke the savings clause.[29] Thus, § 2241 is not a mere substitute for § 2255, and a petitioner bears the burden of showing that the § 2255 remedy is inadequate or ineffective.[30]

With these principles in mind, the Court turns to Petitioner's claims.

## ANALYSIS

---

[26] Pack, 218 F.3d at 452.

[27] See 28 U.S.C. 2255(e) ("An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*") (emphasis added).

[28] Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001).

[29] Padilla v. United States, 416 F.3d 424, 426 (5th Cir. 2005).

[30] Reyes-Requena, 243 F.3d at 901 (citing Pack, 218 F.3d at 452; Kinder v. Purdy, 222 F.3d 209, 214 (5th Cir. 2000)).

In his petition, Collins challenges the enhancements used to determine his sentence after he pleaded guilty to an information charging him with one count of possession with the intent to distribute methamphetamine.[31] Notably, Collins does not suggest he did not commit the methamphetamine offense. He also does not suggest he did not commit the offenses relied on by the Oregon District Court to enhance his sentence.

Collins may proceed with an attack on the validity of his sentence in a § 2241 petition only if he can meet both prongs of the stringent test for the § 2255(e) "savings clause."[32]

The first prong of the test is, essentially, an "actual innocence" requirement whose "core idea is that the petitioner may be have been imprisoned for conduct which was not prohibited by law."[33] To meet the first prong, a petitioner must rely on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense.[34] Collins's claim challenging the enhancement of his sentence under Sentencing Guidelines §§ 4B1.1 and 4B1.2—based in part on two prior Oregon delivery-of-a-controlled-substance convictions—fails to satisfy the first prong. He has not alleged or shown that he "*was convicted of a nonexistent offense*," and his claim "has no effect on whether the facts of his case would support his conviction for the substantive offense."[35] Moreover, Mathis, which the Supreme Court decided on June 23, 2016, did not announce a new rule and it was not made

---

[31] Pet'r's Pet. 1.

[32] Kinder, 222 F.3d at 212.

[33] Reyes-Requena, 243 F.3d at 903.

[34] Id. at 904.

[35] Padilla, 416 F.3d at 427 (emphasis added).

retroactively applicable to cases on collateral review.[36]

Therefore, since Collins's claim does not meet the stringent requirements of the savings clause, the Court will not allow him to proceed with it pursuant to § 2241.

## CONCLUSION AND ORDERS

As stated above, 28 U.S.C. § 2241 does not provide authority for the Court to address Collins's claim. The Court will, therefore, dismiss his petition as frivolous, and, to the extent that his petition may be construed as a § 2255 motion, the Court will dismiss it for lack of jurisdiction.[37] Accordingly, the Court enters the following orders:

**IT IS ORDERED** that Petitioner Matthew Louis Collins's *pro se* petition under 28 U.S.C. § 2241 (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that all pending motions in this cause, if any, are **DENIED AS MOOT**.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

**SO ORDERED**.

SIGNED this 6th day of June, 2017.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

---

[36] Mathis, 136 S. Ct. at 2257 (noting that the decision was dictated by decades of prior precedent); In re Lott, 838 F.3d 522, 523 (5th Cir. 2016).

[37] *Ojo*, 106 F.3d at 683.