IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| MATTHEW LOUIS COLLINS, | § | |
| Reg. No. 75454-065, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | EP-17-CV-149-KC |
| | § | |
| SCOTT WILLIS, | § | |
|     Respondent. | § | |

## ORDER DENYING A CERTIFICATE OF APPEALABILITY

Petitioner Matthew Louis Collins petitions the Court for a certificate of appealability pursuant to 28 U.S.C. § 2253 (ECF No. 7). According to § 2253(c)(1), "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from … the final order in a proceeding under section 2255."

Collins filed a *pro se* "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. Section 2241 Under 2255(e) Savings Clause." Collins challenged the sentence imposed on him for possession with the intent to distribute methamphetamine by the United States District Court for the District of Oregon in case number 6:13-CR-344-MC-1. Collins claimed sentencing "enhancements were utilized that have since been declared unconstitutional," and argued he was, therefore, "actually innocent." Pet'r's Pet 1-3, ECF No. 1.

In its order denying Collins's § 2241 petition, the Court noted "[a] § 2255 petitioner may only bring his motion in the district of conviction and sentence." Mem. Op. & Order 5, ECF No. 3 (citing *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). The Court concluded "to the extent that his petition may be construed as a § 2255 motion, the Court will dismiss it for lack of jurisdiction." *Id.* at 8.

To obtain a certificate of appealability on a claim that has been rejected on procedural grounds, a

-1-

movant must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Jurists of reason would not debate the Court's conclusion that it lacked jurisdiction to address Collins's claims, arising from his conviction in the District of Oregon, under § 2255.

Accordingly, Collins's "Petition for a Certificate of Appealability Pursuant to 28 U.S.C. Section 2253" (ECF No. 7) is **DENIED**.

SIGNED this 17th day of August, 2017.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE