# United States Court of Appeals

**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE**
**NEW ORLEANS, LA 70130**

November 15, 2017

Ms. Jeannette Clack
Western District of Texas, El Paso
United States District Court
511 E. San Antonio Street
Room 108
El Paso, TX 79901-0000

       MATTHEW LOUIS COLLINS v WILLIS
       DC No. 3:17-cv-149

Dear Ms. Clack

I am forwarding a notice of appeal along with a motion for COA erroneously sent to us. We have noted the date received here. When you file the notice of appeal, please use that date, see FED R. APP. P. 4(d).

       Sincerely,

       LYLE W. CAYCE, Clerk

       By: _____
       Claudia N. Farrington, Deputy Clerk
       504-310-7706

CASE NO. 3:17-CV-00149

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

MATTHEW LOUIS COLLINS
Petitioner/Appellant

-VS-

SCOTT WILLIS (WARDEN)
Respondent/Appellee

FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISITRCT OF TEXAS
EL PASO DIVISION
HONORABLE JUDGE KATHLEEN CARDONE
CASE NO. 3:17-CV-00149

PETITION FOR A CERTIFICATE
OF APPEALABILITY PURSUANT TO 28 U.S.C.
SECTION 2253, 28 U.S.C. 2241, AND
SUPPORTING BRIEF

Matthew Louis Collins
Fed. Reg. #75454-065
FCI - La Tuna
P.O. Box 3000
Anthony, NM/TX 88021

Pro se



# INDEX

TABLE OF AUTHORITIES:                                              PAGE:

CASES CITED..........................................................i
RULES CITED.........................................................ii
STATUTES CITED......................................................ii

STANDARD.............................................................2

ISSUES ON THIS APPEAL FOR A CERTIFICATE OF APPEALABILITY
.....................................................................3

CONSTITUTIONAL QUESTION..............................................3

WHETHER THE DISTRICT COURT ABUSED ITS DISCRETION IN FLATLY
SETTING ASIDE JUDICIAL PRECEDENT EXPRESSED BY SEVEN CIRCUITS
WITH RESPECT TO THEIR RESPECTIVE ACTUAL INNOCENCE JURISPRUDENCE
AS TO ITS ABILITY TO OPEN THE 2255(e) PORTAL FOR HABEAS RELIEF.
.....................................................................3

CONCLUSION...........................................................7

RELIEF SOUGHT........................................................8

CERTIFICATE OF SERVICE...............................................9

CASES CITED:                                                       PAGE:

Brown v. Caraway, 719 F.3d 583 (7th Cir. 2013)
.....................................................................5

Green v. Book Laundry Mach. Co., 490 U.S. 504 (1989)
.....................................................................8

In re Dorsainvil, 119 .3d 245 (3rd Cir. 1997)
.....................................................................4

Marrero v. Ives, 682 F.3d 1190 (9th Cir. 2012)
.....................................................................5

McCarthy v. Div. of Goodwill Indus. Suncoast, Inc., 851 F.3d
1076 (11th Cir. 2017)
.....................................................................5

**CASES CITED:**                                                              **PAGE:**

Triestman v. United States, 124 F.3d 361 (2nd Cir. 1997) .................................................4

United States v. American Trucking Ass'ns, Inc., 310 U.S. 534 (1940).................................................................8

United States v. Culbert, 435 U.S. 371 (1978) .................................................8

United States v. Peterman, 249 F.3d 458 (6th Cir. 2001) .................................................4

Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999) .................................................5

**RULES CITED:**                                                              **PAGE:**

Fed.R.Civ.P. 59..................................................3, 4, 6, 7

**STATUTES CITED:**                                                           **PAGE:**

28 U.S.C. § 2241.................................................1, 2

28 U.S.C. § 2253.................................................1, 3

28 U.S.C. § 2255.................................................3, 4, 5, 6, 7

Matthew Louis Collins
Fed. Reg. #75454-065
FCI - La Tuna
P.O. Box 3000
Anthony, NM/TX 88021

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| MATTHEW LOUIS COLLINS<br>    Petitioner/Appellant<br><br>-VS-<br><br>SCOTT WILLIS (WARDEN)<br>    Respondent/Appellee | Case # 3:17-cv-00149<br><br>PETITION FOR A CERTIFICATE<br>OF APPEALABILITY PURSUANT<br>TO 28 U.S.C. SECTION 2253,<br>28 U.S.C. 2241 AND SUPPORTING<br>BRIEF |

COMES NOW, Petitioner Matthew Louis Collins, respectfully seeking leave of the United States District Court and the Court of Appeals for the Fifth Circuit to entertain the above referenced cause.

Petitioner invokes 28 U.S.C. Section 2253 for the proposition that, the denial of Habeas Relief by Judge Kathleen Cardone is a final order and is therefore subject to review in the court of appeals in the circuit where the federal district court is located, 28 U.S.C. Section 2253, which in this case is the Fifth Circuit. Petitioner avers that Section 2253(c)(1) provides, "unless a Circuit Judge or Justice issues a Certificate of Appealability, an appeal may not be taken to the Court of Appeals from, (A) the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state

court, or (B) the final order is a proceeding under section section 2241."

(2) A Certificate of Appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The Certificate of Appealability under paragraph (1) shall indicate such specific issue or issues satify the showing required by paragraph (2).

## STANDARD

The Cerificate of Apppealability (COA) inquiry is not coextensive with a merits analysis. At the COA stage, the only question is whether the applicant has shown that jurists of reason could disagree with the District Court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further. This threshold question should be decided without full consideration of the factual or legal basis adduced in support of the claims.

When a Court of Appeals sidesteps the COA process by first deciding the merits of an appeal, and then its denial of a COA based on its adjudication of the actual merits, it is in essence deciding an appeal without jurisdiction. (Roberts, Ch. J. joined by Kennedy, Ginsburg, Breyer, Sotomeyor, and Kagen, J.).

When a Court of Appeals properly applies the Certificate of Appealability (COA) standard and determines that a prisoner's

claim is not even debatable; that necessarily means the prisoner has failed to show that his claim is meritorious. But the converse is not true. That a prisoner has failed to make the ultimate showing that his claim is meritorious does not logically mean he failed to make a preliminary showing that his claim was debatable. Thus, when a reviewing court inverts the statutory order of operations and first decides the merits of an appeal, then justifies its denial of a COA based on its adjudication of the actual merits, it has placed too heavy a burden on the prisoner at the COA stage. Judicial precedent flatly prohibits such a departure from the procedure proscribed by 28 U.S.C.S. Section 2253. (Roberts, Ch.J., joined by Kennedy, Ginsburg, Breyer, Sotomeyor, and Kagan, JJ.).

**ISSUES ON THIS APPEAL FOR A CERTIFICATE OF APPEALABILITY**

CONSTITUTIONAL QUESTION

**WHETHER THE DISTRICT COURT ABUSED ITS DISCRETION IN FLATLY SETTING ASIDE JUDICIAL PRECEDENT EXPRESSED BY SEVEN CIRCUITS WITH RESPECT TO THEIR RESPECTIVE ACTUAL INNOCENCE JURISPRUDENCE AS TO ITS ABILITY TO OPEN THE 2255(e) PORTAL FOR HABEAS RELIEF.**

As a threshold issue, Petitioner Collins in his Rule 59 motion, raised as the thrust of that motion stated, he intended to "bring to the attention of this Honorable (C)ourt pertinent law citations which it may have inadvertently omitted, the fact that only a handful of circuits have adopted a test for

determining when section section 2255 is considered "inadequate or ineffective"." See, Mot. to Alter J. 2, ECF No. 5.

Collins, inter alia, cited cases from the Second, Third, Sixth, Seventh, Ninth, and Eleventh Circuits.

In denial of Collin's Rule 59 motion (ECF No. 5) and Certificate of Appealability the Court solidified its abuse of discretion by enumerating Collins argument that "the Court's actual innocence jurisprudence may be compartmentalized as to conflict with the legislative intent of the Savings Clause" [13]

> "Id. at 4-5 (citing e.g. Triestman v. United States, 124 F.3d 361, 377 (2nd Cir. 1997)("We now hold that that "something" is, at the least, the set of cases in which the petitioner cannot, for whatever reason, utilize Section 2255, and in which the failure to allow for collateral review would raise serious constitutional questions."); In re Dorsainvil, 119 F.3d 245, 251 (3rd Cir. 1997) ((It is a "complete miscarriage of justice.") to punish a defendant for an act that the law does not make criminal), thereby warranting resort to the collateral remedy afforded by Section 2255."); United States v. Peterman, 249 F.3d 458, 462 (6th Cir. 2001)("Without determining the exact scope of the savings clause, we conclude that defendant's claims do not fall within any arguable construction of it because defendants have not shown an

intervening change in the law that establishes their actual innocence --- (I)f petitioners do not make a claim for actual innocence, they are not entitled to relief through Section 2255's savings clause.") Brown v. Caraway, 719 F.3d 583, 588 (7th Cir. 2013) ("For a prisoner serving a sentence imposed when the guidelines were mandatory, a Section 2241 habeas petition raising a guidelines error 'tests the legality of his detention' within the meaning of the savings clause, Section 2255(e), because the guidelines had the force and effect of law, the only lawful sentence was a guideline sentence."). Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012) ("We have held that a prisoner may file a Section 2241 petition under the escape hatch when the prisoner (1) makes a claim of actual innocence, and has not had an unobstructed procedural shot at presenting that claim."). Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999) overruled for other reasons by McCarthy v. Div. of Goodwill Indus. Suncoast, Inc., 851 F.3d 1076 (11th Cir. 2017)("The savings clause of Section 2255 applies to a claim when; (1) that claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes the petitioner was convicted for a non-existent offense; and (3) circuit law

> squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first Section 2255 motion.")

Despite the gratuitous invocation of Petitioner Collins' above referenced excerpts above, the District Court never offered any countervailing arguments why judicial precedent entrenched in seven federal circuits, with respect to their unified actual innocence jurisprudence was untenable, is significant because of the risk of injustice to Collins and more importantly, the risk of undermining the public's confidence in the judicial process.

With respect to Collins' Rule 59 motion, the District Court on Page 4 of 8 under the caption "APPLICABLE LAW" states the following;

> "Rule 59 does not exist to give a party a "second bite at the apple."[15] It does not "enable a party to complete presenting his case after the court has ruled against him."[16] It does not provide a "vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."

Collins avers, with respect to the last sentence in the above referenced excerpt, the substance of his Rule 59 motion could

not have been raised by him earlier, absent him being a clairvoyant petitioner. His Rule 59 motion addressed the District Court's undermining or setting aside the actual innocence jurisprudence of seven federal circuit courts. In fact, the opening sentence of the District Court's "APPLICABLE LAW" subheading on Page 4 of its denial states the following;

> "Rule 59(e) is properly invoked to correct manifest errors of law or fact ---"

The clear manifest error of law or fact in this case is providing in his Rule 59 motion to the District Court, judicial notice of the doctrine of federalism that underlines American jurisprudence. That, in the pursuit of federalism the actual innocence jurisprudence with respect to Section 2255(e) and the grant of habeas corpus relief, cannot be dismissed with a wave of the hand or by the argument from silence in not addressing these important holdings. This notice of matters of settled law, which incorporates the notion that all the federal circuit courts would entertain persuasive dicta. No circuit has been known to be an island by itself.

## CONCLUSION

Construing Section 2255(e) to preclude habeas relief from the majority of circuits might work an absurd result, never

envisioned by Congress. Even commentators like the late Justice Scalia, who generally oppose interpretive aids, admit that resort to extrinsic sources is permissible to "verify that what seems to be the (Court) an unthinkable disposition was indeed unthought of." <u>Green v. Book Laundry Mach. Co.</u>, 490 U.S. 504, 527, 104 L.Ed.2d 557, 109 S.Ct. 1981 (1989)(Scalia concurring). "When aid to construction --- available there certainly, can be no "rule of law" which forbids its use, however clear the words may appear on "superficial examination." <u>United States v. Culbert</u>, 435 U.S. 371, 374 n.4, 55 L.Ed.2d 349, 98 S.Ct. 1112 (1978)(quoting <u>United States v. American Trucking Ass'ns, Inc.</u>, 310 U.S. 534, 543-44, 84 L.Ed 1345, 60 S.Ct. 1059 (1940).

## RELIEF SOUGHT

WHEREFORE, Petitioner Collins moves the Honorable District Court and the Court of Appeals for the Fifth Circuit to grant the request for the issuance of a Certificate of Appealability.

Date: 11-2-17

Respectfully Submitted,

Matthew Louis Collins
Fed. Reg. #75454-065
FCI - La Tuna
P.O. Box 3000
Anthony, NM/TX 88021

Pro se

## CERTIFICATE OF SERVICE

Petitioner Collins does hereby certify and declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that a true and correct copy of this "Petition for a Certificate of Appealability Pursuant to 28 U.S.C. Section 2253, 28 U.S.C. 2241 and Supporting Brief," was placed in the U.S. Mail on the 2nd day of November, 2017, postage prepaid, and in compliance with the Prison Mailbox Rule as articulated in Houston v. Lack, 487 U.S. 226 (1988), addressed to the following parties:

Clerk of the District Court
525 Magoffin Ave.
El Paso, TX 79901

Clerk of the Court of Appeals
For the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130

Scott Willis (Warden)
C/O U.S. Attorney's Office
700 E. San Antonio Ave.
El Paso, TX 79901

Petitioner requests that a copy of this motion be forwarded to all parties, via the CM/ECF System, in addition to the Petitioner's service.

Respectfully Submitted,

_Matthew Collins_ 11-2-17
Matthew Louis Collins
Fed. Reg. #75454-065
FCI - La Tuna
P.O. Box 3000
Anthony, NM/TX 88021

Pro se

Page 9 of 9



Matthew Collins
FCI - La Tuna
P.O. Box 3000
Anthony, NM/TX 88021

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

| | | |
|---|---|---|
| MATTHEW COLLINS<br>　　Petitioner<br><br>-VS-<br><br>SCOTT WILLIS (WARDEN)<br>　　Respondent | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO.<br><br>PETITION TO EXCUSE PROCEDURAL DEFAULT BY REASON OF CAUSE AND PREJUDICE PURSUANT TO COLEMAN V. THOMPSON, 501 U.S. 722 (1991) 982 |

COMES NOW, Matthew Collins Respectfully seeking leave of this Honorable Court of Appeals for the Fifth Circuit to entertain the above-referenced cause for which he invokes cause and prejudice. <u>Coleman v. Thompson</u>, 501 U.S. 722 (1991) 982.

　　This cause arises from Matthew Collins filing a petition to appeal the denial of Habeas Corpus rendered by the District Court, Western District of Texas, El Paso Division, on August 17, 2017.

　　Matthew Collins' petition was mailed to the Court of Appeals in New Orleans and the relevant parties a couple of weeks later. Pursuant to a call to the Court of Appeals for the Fifth Circuit few days ago, the Clerk of the Court stated, Matthew Collins Petition was not received.

　　This procedural default which is attributable to the Prison's Mailroom activities, can be overcome by Matthew Collins who invokes the Supreme Court case <u>Coleman v. Thompson</u>, which identifies

the cause and prejudice test, where Justice O'Connor, writing for the majority, declared:

> "We now make it explicit, in all cases in which a state prisoner has defaulted his federal claims --- pursuant to an independent and adequate state procedural rule, federal habeas review is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that the failure to consider the claim will result in a fundamental miscarriage of justice."

Thus, Matthew Collins avers that the procedural default is attributable to the BOP Mailroom, with the ensuing prejudice accruing to Matthew Collins, by the Court of Appeals not receiving the petition.

Matthew Collins therefore seeks leave of this Honorable Court to receive a confirmed copy of said petition for review.

Date: 11-2-17

Respectfully Submitted,

*/s/ Matt Coll*
Matthew Collins
FCI - La Tuna
P.O. Box 3000
Anthony, NM/TX 88021

## CERTIFICATE OF SERVICE

Petitioner Collins does hereby certify and declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that a true, correct and complete copy of this "Petition to Excuse Procedural Default by Reason of Cause and Prejudice Pursuant to Coleman v. Thompson, 501 U.S. 722 (1991) 982," was placed in the U.S. Mail on the _2_ day of November, 2017, postage prepaid, in compliance with the Prison Mailbox Rule as articulated in Houston v. Lack, 487 U.S. 226 (1988), addressed to the following parties:

Clerk of the Court
U.S. Court of Appeals
For the Fifth circuit
600 S. Maestri Place
New Orlean, LA 70130

Clerk of the Court
For the Western District of Texas
525 Magoffin Avenue
El Paso, TX 79901

_/s/ Matthew Collins_
Matthew Collins
FCI - La Tuna
P.O. Box 3000
Anthony, NM/TX 88021

Matthew Collins 75454-065
Federal Correctional Institution La Tuna
P.O. Box 3000
Anthony, TX/NM 88021

**CERTIFIED MAIL**

7099 3400 0016 8612 0358

⇔75454-065⇔
U S D C West Tex El Paso
Room 105
525 Magoffin AVE
EL PASO, TX 79901
United States